PER CURIAM.
Appellant, The International Society for Krishna Consciousness of Miami Beach, Inc., (ISKCON), appeals from a dismissal for lack of subject matter jurisdiction in favor of appellee, Dade County Property Appraiser Joel Robbins, (Robbins), in an action contesting the denial of an ad-valo-rem tax exemption. We reverse.
The trial court based its dismissal on ISKCON’s failure to meet the jurisdictional requirement in section 194.171(3), Florida Statutes (1989):
Before an action to contest a tax assessment may be brought, the taxpayer shall pay the collector not less than the amount of the tax which he admits in good faith to be owing.
ISKCON claimed it did not owe any taxes based on its tax exempt status as a Florida nonprofit organization. In compliance with the statute, it therefore paid nothing to the collector. Robbins contends, that ISKCON did not make its assertion of being a nonprofit organization in good faith. He says, ISKCON used the property for profit when it sold meals on it. Thus, Robbins argues, ISKCON should have paid the disputed assessment to the collector before invoking the trial court’s jurisdiction.
Without addressing the legality of the underlying assessment, we find that ISK-CON made its claim that it owed no taxes in good faith. Bystrom v. Union Land Investments, Inc., 477 So.2d 585 (Fla. 3d DCA 1985), review denied, 488 So.2d 69 (Fla.1986). By selling meals on its property ISKCON did not necessarily make any profits. Without evidence to the contrary, we must accept ISKCON’s good faith claim. Thus, ISKCON was not required to pay any amount to the collector before maintaining this suit. We therefore reverse and remand for proceedings consistent with this opinion.
Reversed and remanded.